## VAN ALSTINE v. BILES.

*Landlord and tenant—Removal of balcony by tenant after vacating premises—Demand by landlord for indemnity against damage—Not conversion of balcony by landlord, when.*

A demand by the lessor of a storeroom that a former tenant, who has vacated the premises and later requests permission to remove a balcony that he had erected on the premises, furnish a surety bond guaranteeing the lessor against any damage by reason of the removal of the balcony, does not, of itself, amount to a conversion of the property by the landlord.

(Decided December 4, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Jacob S. Hermann,* for plaintiff in error.
*Messrs. Pogue, Hoffheimer & Pogue,* for defendant in error.

By THE COURT. The plaintiff in error, Frank J. Van Alstine, brought an action against the defendant in error, Hannah M. Biles, in the municipal court of Cincinnati, alleging conversion of a wooden balcony, which plaintiff had erected in a business room leased by him from the defendant.

The case was tried to the court, resulting in a judgment for the defendant. Error was prosecuted by the plaintiff to the court of common pleas, and the judgment of the municipal court was affirmed by that court.

Error is prosecuted here to reverse the judgments of both courts.

Plaintiff was a tenant of a storeroom on East

Seventh street, under a verbal contract of lease from month to month, entered into with the defendant, who was the owner of the room. With the permission of the owner, plaintiff erected a balcony for his own use, as such tenant. The plaintiff's tenancy expired on August 15, 1919, whereupon he vacated the premises, and shortly after endeavored to sell the balcony to the defendant, through her agent, Edwin B. Quinn, but was advised that the owner had no use for the balcony and desired that it be removed. A new tenant was procured, and the plaintiff, Van Alstine, leased the balcony to the new tenant, at a monthly rental. Some months later, the storeroom was injured by fire, and the tenant vacated.

There is some dispute in the testimony as to whether or not there was any permission given by the owner of the building to leave the balcony in the premises, and the extent of any such permission, if given.

Upon demand being made by the plaintiff, Van Alstine, for the removal of the balcony, the owner of the building, Hannah M. Biles, through her agent, notified Van Alstine that the balcony was at his disposal, and asked that it be removed as soon as possible, but required Van Alstine to obtain from the building commissioner's office a permit, if required by the building code; and, further, to furnish a surety bond, conditioned that he would put the storeroom in as good condition as it was previous to the erection of the balcony.

Nowhere does it appear that the defendant, the owner of the property, sought to exercise any ownership over the property in question. The only question in the case is, Does the demand that

the plaintiff furnish a surety bond, guaranteeing the defendant against any damage by reason of the removal of the balcony, amount to a conversion of the property? We do not think so.

The plaintiff, Van Alstine, had been out of the property for many months, and had no connection therewith, other than a claim of dominion over the balcony. The most that can be said for the request of bond is that the owner of the property was endeavoring to secure the restoration of her property on removal of the balcony.

Whether or not the plaintiff was financially responsible for the restoration does not appear. The guaranty required was not unreasonable, and does not amount to a conversion of the property.

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.